IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **SNAKE HAWK PRESS, LLC,** | § § | |
| Plaintiff, | § § | Civil Case No. 5:18-cv-01155 |
| v. | § § | |
| **TEXAS DEMOCRATIC PARTY,** | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

## COMPLAINT

Plaintiff Snake Hawk Press, LLC ("SHP" or "Plaintiff") brings this action seeking damages against Defendant Texas Democratic Party ("TDP" or "Defendant") for copyright infringement pursuant to 17 U.S.C. §§ 101, *et seq.*, infringement of the trade dress of Snake Hawk Press pursuant to 15 U.S.C. § 1125 and breach of contract. In support thereof, SHP alleges the following:

## THE PARTIES

1. Plaintiff Snake Hawk Press, LLC is a company formed under the laws of the State of Texas. Plaintiff Snake Hawk Press, LLC's principal place of business is in San Antonio, Bexar County, Texas. Additionally, all members of SHP are residents of San Antonio, Bexar County, Texas.

2. On information and belief, Defendant Texas Democratic Party is a political organization formed under the Texas Election Code with its headquarters at 1106 Lavaca Street, No. 100, Austin, Texas 78701.

## JURISDICTION AND VENUE

3. This action arises in part under the Lanham Act, Title 15 of the United States Code and this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and

1338(a), 15 U.S.C. § 1121, as well as pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

4. The Court has personal jurisdiction over TDP, as on information and belief, the TDP is formed under provisions of the Texas Election Code and has a principal place of business in this District at 1106 Lavaca Street, No. 100, Austin, Texas 78701.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) & (2) and 1400(a) as the Defendant TDP is resident in this District, a substantial part of the events giving rise to the action occurred in this District and a substantial part of the property that is the subject of this action is located in this District.

## BACKGROUND

6. Cruz Ortiz is an artist that has been profiled in any number of magazines and papers and has become linked with San Antonio, providing design work for the 2018 Final Four in San Antonio as well as the Dream Song Tower on the city's South Side. Drawing on Mexican graphic tradition, Cruz Ortiz has developed his own iconography that encapsulates the spirit and feeling of South Texas, in general, and San Antonio, in particular. Cruz's art has been described as "a heady combination of South Side street-level immediacy and artsy agitprop cachet — an instant connection to the Latino community and do-it-yourself punk rockers.[1]"

7. Since 2003, Cruz Ortiz has been creating hand carved blocks for the creation of silk screen shirts and posters for political candidates that inspire him. Cruz Ortiz has worked for candidates ranging from the local school board to the Presidency of the United States. Candidates

---

[1] Gilbert Garcia, Local artist emerges as major force in Texas Democratic politics, San Antonio Express-News, March 15, 2018, *available at* https://tinyurl.com/ybdtb2l4 (last accessed Oct. 31, 2018)

have praised his energy and creativity, touted his work for their campaigns and proclaimed him one of the greatest visual artists in the nation.

8. As Cruz Ortiz began to create graphic design not just for posters and shirts, he repurposed the hand-carved blocks as the basis for digital design, making a wide variety of characters to replicate the hand-hewn aesthetic of his print shop work. This work, over time became the primary function of Snake Hawk Press, LLC.

9. Snake Hawk Press, LLC is a competitive creative factory founded by Cruz Ortiz and run as a family business. SHP concentrates on graphic design, illustration, marketing as well as branding with a keen eye towards marketing appealing to millennial and latinx markets.

10. SHP provides Cruz Ortiz's insights and art to people in a commercial context. Through SHP, Cruz Ortiz has designed Absolut vodka bottles, elements for restaurants and coffee shops throughout San Antonio and has gained further renown for his designs for a number of political candidates.

11. It is against this backdrop that the TDP approached Cruz Ortiz and Snake Hawk Press about providing branding services for the then upcoming Texas Democratic Party Convention, scheduled to take place in June 2016 (the "2016 Convention").

12. After some initial conversations, SHP provided a proposal that included a number of restrictions on the TDP's use of the materials prepared by SHP for the 2016 Convention. This proposal included a $15,000 price tag with a $10,000 in kind donation. A true and correct copy of the February 22, 2016 proposal is attached as Exhibit A.

13. The proposal also stated that SHP "shall retain ownership of the design." Finally, the proposal included a number of other provisions, including a limited use license. This license permitted the TDP to "use the final graphic art for 1 year." The license also explicitly provided

that "[a]ny additional uses not identified herein require an additional license and may require an additional fee. All other rights are expressly reserved by the designer."

14. Later, on February 29, 2016, SHP sent an invoice to Emmanuel "Manny" Garcia and Crystal Perkins of the Texas Democratic Party. A true and correct copy of this invoice is attached as Exhibit B to this Complaint.

15. This invoice, numbered 248, set forth a price of $15,000 dollars for Branding Design for the 2016 Convention. Although the total owed for Mr. Ortiz's work was $15,000, Mr. Ortiz made a $10,000 in kind donation to the party, making the total owed $5,000.

16. The invoice numbered 248 included two notes. First: "Snake Hawk Press shall retain ownership of original illustration artwork." Second: "Snake Hawk Press grants [the] Texas Democratic in San Antonio [a] nonexclusive license for one year to use illustration art created and owned by Snake Hawk Press to distribute and sell illustration art."

17. The rights transferred by the invoice did not include the right to make derivative works or otherwise alter the illustrations provided by SHP.

18. In the same email that SHP provided its invoice for the branding work, SHP also provided the initial artboards for the 2016 Convention. Among others, SHP provided the following "Tex Dem" Logo for use at the 2016 Convention ("2016 Logo").



19. This invoice was paid on May 10, 2016 by the TDP.

20. On information and belief, after February 29, 2017, the TDP continued to sell items through its online store reflecting and incorporating the design branding and illustrations provided by SHP.

21. Alternatively, on information and belief, after May 10, 2017, the TDP continued to sell items through its online store reflecting and incorporating the design branding and illustrations provided by SHP.

22. Starting in April 2018, the TDP once again contacted Snake Hawk Press to provide branding services for its state convention (the "2018 Convention"). The 2018 convention, which was to take place in Fort Worth in June, needed different branding than the 2016 Convention, which took place in San Antonio. The TDP, however, requested that it be allowed to re-use the 2016 Logo pictured above. Additionally, the TDP asked that a new "longhorn" logo be created specifically for the 2018 Convention.

23. On May 23, 2018, SHP sent an invoice with two items to be provided by SHP, the re-licensed "Tex Dem" logo pictured above and a longhorn logo created for the 2018 Convention.



24. This invoice was paid by the TDP on May 30, 2018.

25. During the 2018 Convention, however, the TDP over- and mis-used the license material that had been provided by SHP.

26.  By way of example, the TDP manipulated the re-licensed "Tex Dem" logo as demonstrated below.

**original 2016 logo**

**manipulated 2018 logo**





27.  As can be seen from the comparison above, although there are a number of common elements, the coloring and arrangement of the text is different. Additionally, the TDP changed the closed counter of the D from a stylized representation of Texas to a smooth curve. This work was not done with the permission of SHP.

28.  Similarly, the TDP altered a number of SHP properties in at least two other cases. For example, in a howdy banner used to welcome attendees to the 2018 Convention, the TDP provided a blue background with a varied repetition of the re-licensed 2016 Logo and superimposed the word "HOWDY Texas Democrats!" over this background.



29. Only a single letter in the word "howdy" appears to be original to SHP, the "D." Every other letter is a poor imitation of the work of Cruz Ortiz and SHP. This—particularly in combination with the legitimate licensed 2016 Logo in the background—leads to actual confusion or a likelihood of confusion as to the origin of the design work as well as the objects on which the design work is printed relating to the 2018 Convention.

30. Additionally, the TDP created other visual illustrations such as a vertical banner that presented the word "YEEHAW" in a manner that attempted to copy the work of Cruz Ortiz and SHP. The majority of the letters of this word were creations of the TDP to imitate the work of Cruz Ortiz and SHP. But, at least the two "E"s were taken from the re-licensed 2016 Logo.

31. A Comparison of the two "E"s of the 2016 Logo with those found in the "Yeehaw" banner indicates how the TDP copied and manipulated the work of Cruz Ortiz and SHP.



32. Once again, the Yeehaw banner was presented on a background of the licensed 2016 Logo. This combination of the legitimate work of Cruz Ortiz and SHP leads to actual confusion or a likelihood of confusion as to the origin of the design work as well as the objects on which the design work is printed

33. On banners, guides, agendas and other materials that the TDP created to support its 2018 Convention, it imitated and/or chopped up the work of SHP to create a derivative work that caused actual confusion or a likelihood of confusion as to the origin of the design work as well as

the objects on which the design work is printed. This work was done without the permission of SHP.

34. The TDP has not paid any additional fees for its over- and mis-use of the 2018 Contention material.

## COUNT I: COPYRIGHT INFRINGEMENT

35. Plaintiff repeats and realleges paragraphs 1 through 34 as if fully set forth herein.

36. Cruz Ortiz is the original author of the 2016 Logo and the other materials provided to the TDP.

37. SHP is the owner of the 2016 Logo and other materials provided to the TDP, including statutory and/or common law copyrights in such works.

38. SHP has provided to the United States Copyright Office an application, deposit and fee for the 2016 Logo.

39. As noted above, the TDP, without authorization, copied and created derivative works based at least in part on the copyrighted materials provided by SHP. Additionally, on information and belief, TDP created or had someone else create new works including elements of SHP's works that infringe SHP's copyrights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

40. SHP has been damaged due to TDP's copyright infringement in an amount to be proven at trial in accordance with 17 U.S.C. § 504(a)(1) and (b).

**COUNT II: TRADE DRESS INFRINGEMENT UNDER 15 U.S.C. § 1125(a)**

41. Plaintiff repeats and realleges paragraphs 1 through 40 as if fully set forth herein.

42. SHP has protectible trade dress in the various design elements in its production of shirts, posters, handbills and other materials that has acquired secondary meaning in the relevant community. The work that SHP provides is readily recognizable as that of Cruz Ortiz.

43. SHP uses its trade dress in commerce by selling shirts, posters and other materials through its website as well as in vendor booths such as those available at the 2016 Convention and 2018 Convention.

44. The TDP, by comingling aspects of the re-licensed 2016 Logo with work performed by someone else, has created a likelihood of confusion or actual confusion as to the source of the goods, pamphlets, banners, signs, websites, Facebook pages, Instagram and Twitter feeds, etc. that were used to advertise the 2018 Convention. Additionally, on information and belief, the sales of materials such as shirts and posters containing the design work of SHP creates actual confusion or a likelihood of confusion as to the source of such goods.

45. The design work of Cruz Ortiz and SHP is not functional but aesthetic.

46. TDP's unauthorized use in commerce of the infringing trade dress as alleged herein constitutes use trade dress infringement in violation of 15 U.S.C. § 1125(a).

47. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action pursuant to 15 U.S.C. § 1117, together with prejudgment and post-judgment interest.

## COUNT III: 2016 BREACH OF CONTRACT

48. Plaintiff repeats and realleges paragraphs 1 through 48 as if fully set forth herein.

49. As described herein, there was a valid contract between SHP and TDP relating to SHP's provision of branding design to the TDP for the 2016 Convention. This contract provided that the TDP could distribute and sell the "illustration art created and owned by Snake Hawk Press" for period of one year.

50. SHP indicated acceptance of the contract by performance, i.e. providing the branding design requested by TDP.

51. TDP indicated its acceptance of the contract by paying the invoice for such services.

52. Despite the terms of the contract, TDP continued to sell and distribute items included the illustration art created and owned by Snake Hawk Press after the one-year period elapsed.

53. Due to TDP's breach, SHP has suffered damages including, but not limited to, lost sales of shirts and other goods.

## COUNT IV: 2018 BREACH OF CONTRACT

54. Plaintiff repeats and realleges paragraphs 1 through 53 as if fully set forth herein.

55. As described herein, there was a valid contract between SHP and TDP relating to SHP's provision of the relicensed 2016 Logo and a new Longhorn logo. This contract provided solely for the use of such logos and did not provide for the manipulation and/or creation of derivative works based on such logo.

56. SHP indicated its acceptance of the contract by providing the requested logos to TDP.

57. TDP indicated its acceptance of the contract by paying the invoice for the logos.

58. Despite the limited nature of the contract, the TDP created derivative works that combined the re-licensed 2016 Logo and elements thereof with materials created by TDP or someone else. This activity breached the limited contract between SHP and TDP.

59. As a result of TDP's breach, SHP has suffered damages including, but not limited to, the lost opportunity to provide the relevant design work and be compensated for the same.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff requests a trial by jury for all issues so triable by right.

## PRAYER FOR RELIEF

Plaintiff Snake Hawk Press LLC respectfully requests this Court enter judgment in its favor against Texas Democratic Party, granting the following relief:

A. finding that Defendant has violated the exclusive rights of Snake Hawk Press under 17 U.S.C. § 106 and is thus liable for infringement under 17 U.S.C. § 501;

B. finding that Defendant has violated 15 U.S.C. § 1125(a) and infringed Snake Hawk Press's protectible trade dress;

C. finding that Defendant breached the contract relating to branding design for the 2016 Convention;

D. finding that Defendant breached the contract relating to branding design for the 2018 Convention;

E. awarding damages pursuant to 17 U.S.C. § 504;

F. awarding damages pursuant to 15 U.S.C. § 1117(a);

G. awarding damages sufficient to compensate Snake Hawk Press for the Defendant's breach of contract related to the 2016 Convention;

H.	awarding damages sufficient to compensate Snake Hawk Press for the Defendant's breach of contract related to the 2018 Convention;

I.	awarding prejudgment interest;

J.	awarding postjudgment interest;

K.	awarding attorney's fees under Texas Civil Practice and Remedies Code § 38.001;

L.	awarding costs of the action under 15 U.S.C. § 1117(a)

M.	any further relief this Court deems just and proper.

Respectfully submitted,

Dated: November 2, 2018

/s/ John M. Bustamante
John M. Bustamante
State Bar No. 24040618
Bustamante@DCLLegal.com
J. Scott Denko
State Bar No. 00792457
Denko@DCLLegal.com
**DENKO & BUSTAMANTE LLP**
114 W. 7th St., Suite 1100
Austin, Texas 78701
Telephone: (512) 906-2074
Facsimile: (512) 906-2075

**ATTORNEYS FOR PLAINTIFF
SNAKE HAWK PRESS, LLC**